# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAJUAN DAVIS and TONY YEAGINS,   )
                                    )
              Plaintiffs,       )        Civil Action No. 24-1049
                                    )
            v.              )        District Judge W. Scott Hardy
                                    )        Magistrate Judge Patricia L. Dodge
                                    )
MELINDA ADAMS, Superintendent   )
et al.,                             )
                                    )
             Defendants.      )

## <u>MEMORANDUM ORDER</u>

This matter comes before the Court on Plaintiff Jajuan Davis's ("Davis") Objections (Docket No. 59) to the Report and Recommendation ("R&R") (Docket No. 54) of Magistrate Judge Patricia L. Dodge entered on October 6, 2025. The R&R recommends that the Court grant Corrections Defendants' Motion to Dismiss (Docket No. 34), filed by Defendants Adams, Bowers, Roth, and Martin (collectively, "Corrections Defendants"). Service of the R&R was made on Plaintiffs Davis and Tony Yeagins ("Yeagins") via U.S. Mail, and on Corrections Defendants via CM/ECF, and the parties were informed that any objections to same were due by October 20, 2025. (Docket No. 54 at 10 and Docket text entry). On November 4, 2025, the Court granted Davis's Motion for Extension of Time to File Objections (Docket No. 56), and gave leave to file objections to the R&R by November 20, 2025 (Docket No. 57). On November 25, 2025, Davis filed his Objections (Docket No. 59). Yeagins, however, did not file any objections to the R&R.

1

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1).  Here, however, because Yeagins did not file objections to the R&R – which explicitly stated that failure to file objections within fourteen (14) days "will waive the right to appeal" – we review the magistrate judge's decision as to Yeagins's claims for plain error.  (Docket No. 54 at 10).  *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Dodge's recommendation regarding the claims of Yeagins.  As such, the Court will adopt the R&R as the Opinion of the Court in this regard and will dismiss Yeagins' claims, with prejudice, pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  *See, e.g., Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) ("Under Rule 41(b), a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order." (citing Fed. R. Civ. P. 41(b)).  In so ruling, the Court agrees with Judge Dodge's application of the six-factor balancing test, as provided in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), that guides

2

a court in determining whether a case should be dismissed for failure to prosecute. (Docket No. 54 at 4).

First, the Court agrees that Yeagins, who is proceeding pro se in this matter, is solely responsible for his own conduct, including his failure to respond to Defendants' motion and his failure to update his address with the Court, so the first factor weighs heavily in favor of dismissal.[1] (Docket No. 54 at 5). The Court also agrees that the second factor – whether the adverse party has suffered prejudice because of the dilatory party's behavior – weighs moderately in favor of dismissal since Yeagins's failure to respond to the pending motion to dismiss frustrates and delays resolution of his claims against Defendants. (*Id.*). Additionally, the Court agrees that the third factor also favors dismissal as Yeagins's failure to notify the Court of his current address and failure to comply with Court orders is significant as it reflects a history of dilatoriness. (*Id.* at 6). Fourth, although the Court cannot conclude with certainty that Yeagins's conduct is willful, the Court agrees that his lack of compliance with Court-ordered obligations strongly suggests that he does not intend to comply with Court orders, and so this factor also supports dismissal. (*Id.* at 6-7). Fifth, the Court agrees that alternative sanctions are unlikely to be effective since Yeagins is indigent and is proceeding pro se and has taken no action to prosecute this case, despite being advised that his failure to update his address and respond to Defendants' motion would be construed as his decision not to prosecute this action, which also supports dismissal. (*Id.* at 7). Finally, the Court agrees that the last factor, the potential merit of Yeagins's claims, also favors dismissal because, as shown below, Plaintiffs have failed to set forth claims upon which relief can

---

[1]     The R&R notes that the Pennsylvania Department of Corrections ("DOC") inmate locator indicates that Yeagins has been released from DOC custody. (Docket No. 54 at 5 n.2).

3

be granted.  (*Id.*).  Thus, the Court agrees that the *Poulis* factors weigh in favor of dismissal and that, on the record here, the extreme sanction of dismissal of Yeagins's claims is supported by the *Poulis* factors.  (*Id.*).

Davis, however, did file Objections to the R&R (Docket No. 59), and as explained, *supra*, in resolving a party's objections the Court conducts a *de novo* review of any part of the R&R that has been properly objected to.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  In such instances, the Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions.  *See id.*  With regard to Davis's claims here, upon careful *de novo* review of the R&R, Davis's Objections, and the record in its entirety, the Court concludes that Davis's Objections do not undermine the R&R's recommended disposition.

In his Objections, Davis disagrees with Judge Dodge's recommendation that the Corrections Defendants' Motion to Dismiss the Complaint be granted.  (Docket No. 59).  First, Davis argues that the R&R is erroneous in that the declaratory relief sought – in the form of six statements in which Defendants would admit to violations of due process protections – is in fact available because it is intended to define the legal rights and obligations of the parties in anticipation of some future conduct.  (*Id.* at 4-5).  The Court does not agree with Davis's characterization of the referenced statements, and the Court agrees with Judge Dodge that such relief is unavailable since it refers to admissions of violations based on past conduct, as set forth in the R&R.  (Docket No. 54 at 1 n.1).

Davis also argues that, despite the contrary conclusion in the R&R, the totality of the conditions alleged in the Complaint are cruel and unusual.  (Docket No. 59 at 5-6).  Upon review,

4

the Court again agrees with the R&R in this regard.  (Docket No. 54 at 9-10).  Davis further contends that he has alleged the personal involvement of the various Defendants, and that he stated that the deprivation of his rights took place at the supervisor's direction or with the supervisor's knowledge.  (Docket No. 59 at 6-8).  Upon review of the Complaint, the Court does not agree that Plaintiffs have adequately alleged personal involvement of the various Defendants, or that supervisory liability has been adequately alleged here, and, in any event, as the R&R states, even if such involvement had been adequately alleged, the allegations otherwise fail to state any due process claim.  (Docket No. 54 at 8).

Davis asserts, additionally, that Judge Dodge may have misunderstood the "depth" of his Fourteenth Amendment claim, and that he stated a valid Section 1983 claim due to conduct of Defendants prior to any disciplinary tribunals.  (Docket No. 59 at 9).  Davis argues that prisoners are provided with insufficient due process when it has been contaminated by the introduction through state action of false inculpatory evidence – here, the urinalysis testing method that Davis contends is unreliable.  (*Id.* at 10-11).  Here again, the Court agrees with Judge Dodge that Plaintiffs have not alleged a protected liberty interest so they cannot raise a procedural due process claim, and that the prison's use of a potentially unreliable testing system does not rise to the level necessary to support a substantive due process claim.  (Docket No. 54  at 9-10).

In sum, in finding that Davis's Objections do not undermine the R&R's recommended disposition, the Court agrees with Judge Dodge's conclusion that Plaintiffs fail to allege the personal involvement of any of the Defendants in the selection and continuing use of the urinalysis monitoring program's testing system, so the procedural and substantive due process claims brought against Defendants in their individual capacities should be dismissed.  (Docket No. 54 at 8).  The

Court also agrees with Judge Dodge that because Plaintiffs do not allege a protected liberty interest here, they cannot raise a procedural due process claim based on the loss of that interest, so such claim should be dismissed with prejudice. (*Id.* at 9). Further, the Court agrees with Judge Dodge that Plaintiffs' allegations concerning the prison's use of a potentially unreliable testing system do not rise to the level necessary to support a substantive due process claim. (*Id.* at 9-10). Additionally, the Court agrees that, although Davis clarifies that he is asserting his claim based on an atypical and significant hardship beyond the ordinary incidents of prison life, Plaintiffs' limited placement in disciplinary custody is not such a hardship; therefore, such claim should also be dismissed with prejudice. (*Id.* at 10). Moreover, the Court agrees that it would be inequitable to permit Yeagins to amend his claims at this juncture because of his failure to prosecute this action, and it would be futile to allow Davis to amend since he cannot maintain the due process claims he asserts here, so no amendment of the Complaint should be permitted. (*Id.*).

Therefore, the Court agrees with Judge Dodge's recommendation that Defendants' Motion to Dismiss should be granted and Plaintiffs' claims should be dismissed with prejudice.

Accordingly, the Court enters the following Order:

AND NOW, this 18th day of March, 2026,

IT IS HEREBY ORDERED that Davis's Objections (Docket No. 59) to the Report and Recommendation are OVERRULED, and the Report and Recommendation (Docket No. 54) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that Corrections Defendants' Motion to Dismiss (Docket No.

34) is GRANTED, and Plaintiffs' claims are DISMISSED WITH PREJUDICE.


*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  Jajuan Davis (via U.S. Mail)
Tony Yeagins (via U.S. Mail)
The Honorable Patricia L. Dodge
All Counsel of Record

7